## 11976

### SWITZER *ET AL* v. AMERICAN RY. EXPRESS CO.

#### (133 S. E., 98)

1. TORTS—REFUSAL TO DIRECT VERDICT FOR PARENTS, ALLEGING EXTORTION AND DURESS IN PROCURING REPAYMENT OF MONEY MISAPPROPRIATED BY SON, HELD NOT ERROR.—In action against express company for damages for its alleged extortion and duress in procuring plaintiffs to repay money misappropriated by their son, refusal to direct verdict for plaintiffs *held* not error, in view of evidence as to arrest, amount due, and facts alleged, as constituting extortion or duress.

2. CONTRACTS—PARENTS' AGREEMENT TO REPAY MONEY MISAPPROPRIATED BY THEIR SON TO AVOID CRIMINAL PROSECUTION OR REMOVE STIGMA FROM HIS INTEGRITY IS SUPPORTED BY SUFFICIENT CONSIDERATION.—Parents' agreement to repay money misappropriated by their son on condition that he be not criminally prosecuted or to remove stigma from his integrity is supported by sufficient consideration.

---

NOTE: Validity of contracts procured by threats of prosecution of a relative, see notes in 26 L. R. A., 48; 20 L. R. A. (N. S.), 484; 37 L. R. A. (N. S), 539; L R. A., 1915-D, 1118.

Before WHALEY, J., Richland, February, 1925. Affirmed.

Action by D. W. Switzer and another against the American Railway Express Company. Judgment for defendant, and plaintiffs appeal.

The evidence in this case fairly tended to show that an agent of the express company took plaintiffs' son into custody, charging him with having misappropriated funds belonging to it, and on his inability to make repayment, at suggestion of the superintendent, took him to his parents, telling them of the misappropriation and that unless it was made good he would have to go to jail, with the result that plaintiffs, on their son's promise to repay, made good his shortage.

*Messrs. E. J. Best, Graydon & Graydon* and *C. T. Graydon,* for appellants, cite: *Doctrine of in pari delicto:* 1 Bishop on Criminal Law, Sec. 709. *Money paid to avoid prosecution may be recovered:* 132 S. C., 370; 118 S. C., 466; 101 S. C., 473; 80 S. C., 258; 79 S. C., 338; 79 S. C., 39; 74 S. C., 76; 71 S. C., 426; 51 S. C., 362; 44 S. C., 538; 18 S. C., 557; 2 Strob., 257; 1 Bailey, 588; 9 Ency. of Ev., 397; 9 Cyc., 742. *Threat of imprisonment of son, made to mother and father, amounts to duress:* 84 A., 131.

*Messrs. Benet, Shand & McGowan,* for respondent, cite: *Directed verdict improper:* 118 S. C., 470. *Consideration:* 29 S. C., 116. *Money paid to suppress prosecution not recoverable:* 234 Pa., 162; 39 L. R. A. (N. S.), 421; L. R. A., 1918-C, 73. *Duress:* 119 Ala., 279; 72 A. L. R., 918; 96 Ill., 301; 102 N. Y., 372; 231 N. Y., 250; 17 A. L. R., 323; 148 P., 1; 139 R., 188; 9 R. C. L., 711; 11 Ann. Cas., 387, note. *Parties in pari delicto:* 102 N. Y., 372; 231 N. Y., 250; 17 A. L. R., 323; 4 Ohio, 400; 22 Am. Dec., 759. *Party contracting under duress, delaying action to avoid contract, guilty of laches:* 9 R. C. L., 725. *Extortion defined:* 8 R. C. L., 293. *Payment of debt of another a good consideration:* 80 S. C., 253.

May 7, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This case was commenced by the service of a summons and complaint upon the defendant on January 8, 1925. Answer was filed and the case came on for trial before Hon. M. S. Whaley, County Judge for Richland County, and a jury on February 25, 1925, resulting in a verdict for the defendant. Judgment was duly entered, and this appeal taken therefrom."

The appellant has appealed from the orders and rulings of Judge M. S. Whaley, presiding Judge, upon exceptions which raise the question of directing a verdict for the plaintiff, upon the Judge's refusal to give the plaintiffs' requests, in giving certain of respondent's requests, and to the general charge of the Judge.

The exceptions, eleven in number, raise one leading and controlling exception; that is, that his Honor erred in failing to direct a verdict for the plaintiff as asked for by his attorneys. There is no doubt under the evidence that the son, Wade, was behind with his payment to the express company, and that he had misappropriated their money which he had received as their agent; he admitted that. There is no question as to the amount; his parents paid the whole amount due by him to the express company; he was present at the time the money was paid; he promised to pay the money back, advanced by his parents; as to whether he was under arrest at that time is in doubt to such an extent as to warrant his Honor in submitting the issues to the jury.

There was no warrant served on Wade, and no warrant was introduced in evidence. The amount paid was actually due by Wade H. Switzer to the express company, was paid by his parents at his request, for his benefit, and on his promise to repay the same; he has in fact repaid a portion thereof. The transaction was com-

pleted and fully executed on September 22, 1920, and this suit was brought January 8, 1925, over four years thereafter. Under the evidence, taking all the plaintiffs' testimony to be true, there was still left questions for the jury as to the amount actually due and whether the facts as proved would constitute extortion or duress. The son actually owed the money; he asked his parents to pay the debt actually due by him—money that he had received in a fiduciary capacity and was liable to a criminal prosecution if the express company saw fit to have a warrant taken out—which was a sufficient consideration for the contract.

Possibly, if the parents knew no criminal prosecution would be started, yet if they wished to pay in order that their son would not rest under the odious position of a business man who had betrayed his trust, misappropriated money that did not belong to him, collected by him in the scope of his employment, putting a stigma on his integrity and making it difficult to obtain any employment in the future, that was a sufficient consideration for the parties to make the contract they did.

All the questions made by the pleadings were properly submitted to the jury—whether he was under arrest, whether a warrant was issued, whether the money paid by the parents was extortion or paid under duress to prevent a criminal prosecution, or whether paid by the parents to protect the good name of the son in the future, and whether or not they did not expect their son to fully pay them the amount they advanced, as he promised them he would. They waited over four years to bring the suit, and the jury might have thought that the parents thought the son would pay, and, when he did not, then they were out what they advanced and concluded that they would force the express company to pay back what they had paid.

We think there was a good consideration sufficient to support the contract between the parties, under *Booker v. Wingo,* 29 S. C., 116; 7 S. E., 49. We see no error on the

part of his Honor as questioned by the exceptions; he was right in submitting the issues to the jury; his charge was proper; the jury decided in favor of the defendant.

All the exceptions are overruled, and judgment is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and. MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.